# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LUTHER THOMAS FINLEY**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16 C 9460 |
| **CERMAK HOSPITAL** and **COOK COUNTY JAIL**, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Luther Thomas Finley ("Finley") has employed the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" to file an action against Cermak Hospital and Cook County Jail. That Complaint has been accompanied by two other Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

Jurisprudence from our Court of Appeals calls for this Court to address at the outset of a case the requirements set by 28 U.S.C. § 1915 ("Section 1915") for pro se prisoners such as Finley. In this instance Finley's Application included a certificate filled out by the appropriate officer at the Cook County Department of Corrections ("Cook County Jail"), where Finley is in custody, but it failed to include a copy of his trust fund account statement there as required by Section 1915(a)(2). This Court therefore had its law clerk request that information, and the trust fund officer there quickly provided the information.

That printout revealed that Finley had been in custody at Cook County Jail for only a month before October 1, which was the "mailbox rule" date that constitutes the date of "filing"

under Houston v. Lack, 487 U.S. 266 (1988). Hence that month alone accounted for the average monthly deposit to the account (see Section 1915(b)(1)(A)) as $20, 20% of which (id.) amounts to $4.

Accordingly (1) the Application [Dkt. No. 3] is granted in Section 1915(b) terms, (2) Finley is assessed an initial filing fee of $4 and (3) the Cook County Jail trust fund officer is ordered to collect that amount from Finley's account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department.

After such payment the trust fund officer at Cook County Jail (or at any other correctional facility where Finley may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Finley's name and the 16 C 9460 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Cook County Jail trust fund officer.

With that having been established this memorandum order turns to consideration of Finley's grievance. Here in its totality is his Complaint ¶ IV Statement of Claim (copied verbatim):

> According to the constitution I was place in incarceration from loyla hospital. Cermack Din 8 #3 west and orth are nt giving me proper treatment. I was deny and refuse medication at times. No baths.

Even apart from Finley's obvious failure to comply with the 42 U.S.C. § 1997e(a) provision that precludes the filing of a prisoner's Section 1983 lawsuit until "such administrative remedies as are available are exhausted," that sketchy assertion by Finley does not meet the <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) test, for Section 1983 purposes, of deliberate indifference to a serious medical need. It may perhaps amount to a medical malpractice claim under state law, but not one under Section 1983.

Accordingly both the Complaint and this action are dismissed, but without prejudice. If Finley can fashion an arguably viable Section 1983 claim that meets the test set out in this memorandum order, he is free to do so. In the meantime the Motion (which was inadequate on other grounds in all events) is denied as moot, and the Application is granted on the limited terms spelled out at the outset of this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 19, 2016